**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | * | Case No.        11-33706 |
|      Timothy S. Hayes | * | Chapter 13 (Judge Humphrey) |
|      Kathy E. Hayes | * | |
|         Debtors | * | |

_____

| | | |
|---|---|---|
| Timothy S. Hayes | * | Adversary No. 11-03438 |
| 4588 Clayton Road | * | |
| Brookville, Ohio  45309 | * | |
| | * | |
| And | * | |
| | * | |
| Kathy E. Hayes | * | |
| 4588 Clayton Road | * | |
| Brookville, Ohio  45309 | * | |
| | * | |
| | * | |
|      Plaintiff | * | AMENDED |
| Vs | * | **Complaint to Avoid Mortgage** |
| | * | |
| Ally Financial, Inc. | * | |
| Attn: Bankruptcy Dept. | * | |
| P.O.  Box 130424 | * | |
| St. Paul, MN 55113 | * | |
| | * | |
| And | * | |
| | * | |
| Mortgage Electronic Registration | * | |
| Systems, Inc. | * | |
| P.O. Box 2026 | * | |
| Flint, MI  48501-2026 | * | |
| | * | |
| And | * | |
| | * | |
| M & I Bank FSB | * | |
| 3993 Howard Hughes Parkway | * | |
| Las Vegas, NV 89109 | * | |
| | * | |
| | * | |
|      Defendants | * | |

-----------------------------------------------------------------------

Now come    the Debtors/Plaintiffs, by and through     their    undersigned Counsel, and

for   their   cause of action herein states as follows:

1. This is an adversary to determine the rights of the parties under a mortgage agreement.

2. The Plaintiffs   are  the debtors   in this Chapter 13, Case No.  11-33706.

3. The Defendants  are the holders of a mortgage on the debtors'  real property located at

   4588 Clayton Road,  Brookville, Ohio 45309 and further described as follows:

    See Attached Exhibit A

4. The Debtors' first mortgage  with   HSBC Mortgage Services   had   a payoff in the amount of $158,430.00  at the time of the filing of the Petition.

6. The  real estate located at 4588 Clayton Road, Brookville, Ohio  45309  is appraised at $112,000.00. Attached hereto and incorporated herein is a copy of said Appraisal.

7. The mortgage to the Defendant, Mortgage Electronic Registration Systems, Inc./M & I Bank FSB in the principal sum of  $38,700.00   recorded on        January 5, 2007 at MORT 07-001303 0008 **in the records of the Montgomery County, Ohio Recorder.**  Attached hereto is a copy of said Mortgage.   Ally Financial, Inc. is apparently the Servicing Agent for this mortgage as this is the party the Debtors/Plaintiffs were making their second mortgage payments to prior to the filing of their Chapter 13 case.

8. The Debtor/Plaintiff  further states  that there is no equity for the second mortgage of Ally Financial/Mortgage Electronic Registration Systems, Inc./M & I Bank FSB    to attach its mortgage lien.


WHEREFORE, Debtors/Plaintiffs  respectfully demand :

1. That the court enter an order requiring Defendants  to release the mortgage upon issuance of the Debtors/Plaintiffs' Discharge Order in Case No. 11-33706; and

2. That the order of the court further provide that, if Defendants  do  not file a release of mortgage with the    Montgomery  County  Recorder's Office within 30 days of the date of the Debtors'/Plaintiffs' Discharge Order in Case No. 11-33706    that a certified copy of the court's order avoiding the mortgage lien may be filed with the Montgomery County, Ohio, Recorder's Office and said order shall be accepted as evidence of the release of the mortgage; and

3. Any and all other relief to which the Plaintiffs may appear entitled.

Respectfully submitted,

/s/ Andrew J. Zeigler
Andrew J. Zeigler, #0081417
Thompson & DeVeny, Co. LPA
Case Attorney for Debtors/Plaintiffs
1340 Woodman Drive
Dayton, Ohio  45432
(937) 252-2030

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served by regular U.S. Mail, postage prepaid, on   December 28, 2011  on the following parties:

U.S. Trustee, 170  N.  High Street,  Suite  200, Columbus, Ohio  43215

Jeffrey M. Kellner, 131 N. Ludlow St., Suite 900, Dayton, OH 45402

CR Evergreen II, LLC, MS 550, PO Box 91121, Seattle, WA  98111-9221

Ford Motor Credit Company, LLC, PO Box 6275,  Dearborn, MI 48121-6275

Recovery Management Systems Corporation, 25 SE 2nd Avenue, Suite 1120, Miami, Florida  33131

Timothy S. Hayes and Kathy E. Hayes, 4588 Clayton Road, Brookville, Ohio  45309

The undersigned further certifies that a true copy of the foregoing Complaint to Avoid Mortgage and Summons was served on the following parties on  December 28, 2011 by Certified Mail Return Receipt Requested:

Ally Financial, Inc.,Attn: Bankruptcy Dept. P.O. Box 130424, Saint Paul, MN  55113

Ally Financial, Inc., Foreign Corporation, c/o CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio  44114

Mark Furlong, President/CEO of M & I Bank, 770 N. Water Street, Milwaukee, WI 53202-3509

Mortgage Electronic Registration Systems, Inc., c/o The Corporation Trust Company, Corporation Trust Center, 1209 range Street, Wilmington, DE 19801

Mortgage Electronic Registration Systems, Inc., c/o The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808

M & I Bank, FSB,  3993 Howard Hughes Parkway, Las Vegas, NV  89109

/s/ Andrew J. Zeigler
Andrew J. Zeigler

## Exhibit A: Property Legal Description

SITUATE IN THE TOWNSHIP OF PERRY IN THE COUNTY OF MONTGOMERY AND STATE OF OHIO,
AND BEING IN SECTION 11, TOWN 5, RANGE 4, EAST, AND BEING A PART OF THE 45.08 ACRE TRACT
AS DESCRIBED IN DEED BOOK 1195, PAGE 232 OF THE MONTGOMERY COUNTY DEED RECORDS,
BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:  BEGINNING IN THE WEST LINE OF THE
SAID 45.08 ACRE TRACT AND IN THE CENTERLINE OF CLAYTON ROAD A DISTANCE OF 416.00 FEET
NORTHWARDLY OF THE SOUTHWEST CORNER OF THE SAID 45.08 ACRE TRACT; THENCE
NORTHWARDLY WITH THE CENTERLINE OF CLAYTON ROAD AND WITH THE WEST LINE OF SAID
45.08 ACRE TRACT FOR A DISTANCE OF 208.00 FEET; THENCE EASTWARDLY PARALLEL TO THE
SOUTH LINE OF THE SAID 45.08 ACRE TRACT FOR A DISTANCE OF 419.08 FEET; THENCE
SOUTHWARDLY PARALLEL TO THE WEST LINE OF THE SAID 45.08 ACRE TRACT FOR A DISTANCE OF
208.00 FEET; THENCE WESTWARDLY PARALLEL TO THE SOUTH LINE OF THE SAID 45.08 ACRE
TRACT FOR A DISTANCE OF 419.08 FEET TO THE PLACE OF BEGINNING.  CONTAINING 2.000 ACRES
MORE OR LESS,

SUBJECT, HOWEVER, TO ALL EASEMENTS AND RESTRICTIONS OF RECORD.  EXCEPTING
THEREFROM THE FOLLOWING:  BEING A 1-ACRE TRACT SOLD OFF THE NORTH SIDE OF THE ABOVE
DESCRIBED PARCEL AS MORE FULLY DESCRIBED IN A DEED RECORDED IN DEED VOLUME 2012,
PAGE 736, OF THE DEED RECORDS OF MONTGOMERY COUNTY, OHIO.  PARCEL NUMBER:
L55-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.  BEING MORE COMMONLY KNOWN AS:  4588 CLAYTON ROAD, BROOKVILLE, OHIO
45309.

Loan Number:  849575
ZPLD-A   01/02
Exhibit A: Page 1

*TSH.*

*YEH*

## Real Estate Appraisal
### 90 Park Villa Ct.
### Centerville, OH 45459

**Amir G. Bunni**
State Licensed Appraiser

**Office** 937-434-7986
**Fax** 937-434-7986
E-Mail: amir.bunni@att.net

### Restricted Appraisal for Current Market Value

| Owner of Property | Timothy S. & Kathy E. Hayes | | | |
|---|---|---|---|---|
| **Address of Property** 4588 Clayton Road | | | **Data Inspected** | **Case #** 11-33706 |
| Brookville, OH 45309 | | | 2/14/2011 | |

#### Description of Property

| Type of Const: | 1 | Detached | Floor Finish: | Roofing Type: | 7 | Rooms | 2 | Car Garage | N | Single Pane |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 Story | | Semi Detach | Carpet, Vinyl | Asphalt | 3 | Bedrooms | N | Car Carport | Y | Storm Doors |
| **Brick/Vinyl** | | Row | | | 2.0 | Baths | N | Build-In | Y | Gutters |
| No Units | 1 | Stories | Wall Finish | Heating Type | Y | Kitchens | Y | Attached | Y | Refrigerator |
| 1 | | Tri-Level | Drywall | Central | Y | Living Rm | N | Detached | Y | Dishwasher |
| Square Feet | 100 | %Base | | | Y | Dining Rm | N | Fireplace | Y | GarbageDisp |
| 1,188 | | CrawlSpace | Bath Finish | Cooling Type | Y | Family Rm | N | EnclPorch | N | Microwave |
| Lot Size | | Slab | Vinyl | Central | NA | Office | Y | Deck | N | Double Pane |
| 1.0 Acre | | Finish Attic | | | Y | Utility Rm | N | Fenced | Y | OvenRange |

| | Pub | Indv | Comment : | | | |
|---|---|---|---|---|---|---|
| Water | Y | | This appraisal is based on exterior inspection, and the comparables | | | |
| Gas | Y | | information based on Mls and Courthouse. | | | |
| Electric | Y | | Comments | | | General Property Condition |
| SanSewer | Y | | All relevant info. Related to comparables are in appraisers file. | | | Average |

#### Subject Year Build 1961

| Location | Price | Date | Story | SqFt | Rms | Bed | Bath | Const | Age | Garage | Bsmt | Land |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11470 Baltimore Phillipsbug Rd. | $99,900 | 9/113/2010 | 1 | 1,173 | 6 | 3 | 1.0 | Brick/Vinyl | 50 | 2 Attached | Crawl | 1 Acres |
| 115 Mound Street | $110,000 | 2/10/2010 | 1 | 1,156 | 6 | 3 | 1.5 | Brick | 51 | 2 Attached | Full | 0.33 Acre |
| 10757 Westbrook Road | $126,900 | 6/7/2010 | 1 | 1,600 | 6 | 3 | 2.0 | Brick | 41 | 2 Attached | Full | 0.97 Acre |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |



This is a restricted appraisal only for Chapter 13 bankruptcy purpose and is made at the request of the debtor or counsel for the debtor. I have personally inspected this property on:

**2/14/2011**

I have no present or contemplated interest in the property. Compensation for the appraisal is not contingent upon the evaluation. As a result of my analysis and investigation, it is my opinion that the Current Market value as of the above date is Estimated at: **$112,000**

Amir G. Bunni  Appraiser
State of Ohio Lic # 2001001851

$75.00 01/05/07 08:35:08
MORT-07-001303 0008
Montgomery County
Willis E. Blackshear, Recorder

Return To:
M&I Bank FSB
Attn: Secondary Marketing
1442 W. Mequon Road
Mequon, WI 53092

Please Return to:
PRIORITY LAND TITLE AGENCY
130 CROWNE POINT PLACE
CINCINNATI, OH 45241

20062000

## MORTGAGE

MIN 100273100008495752

THIS MORTGAGE is made this 30th day of November, 2006 , between the Mortgagor,
TIMOTHY S HAYES and KATHY E HAYES FKA KATHY E MEYER, (Husband & Wife)

(herein "Borrower"), whose current
mailing address is 4588 CLAYTON ROAD, BROOKVILLE, OH 45309

and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter
defined, and Lender's successors and assigns). MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888)
679-MERS. M&I Bank FSB

, ("Lender") is organized and
existing under the laws of Nevada , and has an address of
3993 Howard Hughes Parkway, Las Vegas, NV 89109

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 38,700.00 ,
which indebtedness is evidenced by Borrower's note dated November 30, 2006 and extensions
and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the
balance of the indebtedness, if not sooner paid, due and payable on January 1, 2032 ;
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with the interest
thereon; the payment of all other sums, with the interest thereon, advanced in accordance herewith to
protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower
herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for
Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following
described property located in the County of MONTGOMERY State of Ohio:
Situate in the Township of Perry in the County of Montgomery and State of Ohio,

And being in Section 11, Town 5, Range 4, East, and being a part of the 45.08 acre tract as described in Deed Book
1195, page 232 of the Montgomery County Deed Records, being more particularly described as follows: Beginning
in the West line of the said 45.08 acre tract and in the centerline of Clayton Road a distance of 416.00 feet
northwardly of the southwest Corner of the said 45.08 acre tract; thence northwardly with the centerline of Clayton
Road and with the west line of said 45.08 acre tract for a distance of 208.00 feet; thence eastwardly parallel to the
south line of the said 45.08 acre tract for a distance of 419.08 feet; thence southwardly parallel to the west line of the
said 45.08 acre tract for a distance of 208.00 feet; thence westwardly parallel to the south line of the said 45.08 acre
tract for a distance of 419.08 feet to the place of beginning. Containing 2.000 acres more or less, subject, however,
to all easements and restrictions of record.
EXCEPTING THEREFROM the following: Being a 1-acre tract sold off the north side of the above described parcel
as more fully described in a deed recorded in Deed Volume 2012, page 736, of the Deed Records of Montgomery
County, Ohio.

which has the address of 4588 CLAYTON ROAD
BROOKVILLE                                                                        [Street]
(herein "Property Address");              [City], Ohio 45309                        [Zip Code]

LN:849575

OHIO - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

Form 3838
Amended 1/02

-76N(OH) (0405)
Page 1 of 5         Initials: TSH
VMP Mortgage Solutions, Inc. (800)521-7291   KEH

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.
2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.
4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.
5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

-76N(OH) (0405)                          Page 2 of 5                         Initials: _____  LN:849575

Form 3836

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs, and costs of documentary evidence, abstracts and title reports.**

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property, including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Advances to Protect Security.** Disbursements made by Lender pursuant to paragraph 7 hereof, such as those for the payment of taxes, assessments, insurance premiums or costs incurred for the protection of the Property, shall be advances made pursuant to Section 5301.233 of the Ohio Code.

See Rider Addendum   **REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Witnesses:

_____          _Timothy S. Hayes_ (Seal)
                                   **TIMOTHY S HAYES**          -Borrower

_____          _Kathy E Hayes_ (Seal)
                          FKA  _Kathy E Meyer_
                                   **KATHY E HAYES FKA KATHY E MEYER** -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                            -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                            -Borrower

_____ (Seal)   _____ (Seal)
                          -Borrower                            -Borrower

                                        *[Sign Original Only]*

**STATE OF OHIO,**   Hamilton   **County ss:**

This instrument was acknowledged before me this 30 day of November 06 by
TIMOTHY S HAYES and KATHY E HAYES FKA KATHY E MEYER
husband and wife

My Commission Expires:

_____
                          Notary Public.

This instrument was prepared by:
Melissa A. Williams

                          **ANDY LOWNDES**
                          Notary Public, State of Ohio
                          My Commission Expires
                          June 23, 2008

                                        code: 5
                                        LN:849575
-76N(OH) (0405)        Page 5 of 5                   **Form 3836**

                                        YEH

## SECURITY INSTRUMENT ADDENDUM

**THIS RIDER ADDENDUM** is made this 30th day of November, 2006 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to

M&I Bank FSB

("Lender") of the same date and covering the property described in the Security Instrument and located at: 4588 CLAYTON ROAD
BROOKVILLE, OH 45309

(the "Property").

**Additional Covenants.** Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

**"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☒ Other(s) [specify] |
| | | Prepayment Penalty Rider |

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Rider Addendum.

_____ · (Seal)
TIMOTHY S. HAYES                      ·Borrower

_____ (Seal)
KATHY E HAYES,FKA KATHY E            ·Borrower
MEYER

_____ (Seal)
                                     ·Borrower

_____ (Seal)
                                     ·Borrower

_____ (Seal)
                                     ·Borrower

_____ (Seal)
                                     ·Borrower

_____ (Seal)
                                     ·Borrower

LN:849575

ZRider01.uff        9/06        Page 1 of 1

## PREPAYMENT RIDER

This Prepayment Rider is made this 30th day of November, 2006 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to M&I Bank FSB (the "Lender") of the same date and covering the property described in the Security Instrument and located at 4588 CLAYTON ROAD BROOKVILLE, OH 45309 (the "Property").

**Additional Covenants.** Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

Borrower has the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "prepayment." A "full prepayment" is the prepayment of the entire unpaid Principal due under the Note. A payment of only part of the unpaid Principal is known as a "partial prepayment." When Borrower makes a prepayment, Borrower will tell the Note Holder in writing that Borrower is doing so. Borrower may not designate a payment as a prepayment if Borrower has not made all the monthly payments due under the Note.

If, within the thirty-six month period beginning with the date Borrower executes the Note (the "Penalty Period"), Borrower makes a full prepayment or partial prepayment in any twelve (12) month period that exceeds twenty percent (20%) of the original Principal Balance, Borrower will pay a prepayment fee as consideration for the Note Holder's acceptance of such prepayment. The prepayment fee is in addition to any other sum payable hereunder. The prepayment fee will equal the amount of interest that would accrue during a six (6) month period on the amount prepaid that exceeds twenty percent (20%) of the original Principal Balance of the Note, calculated at the rate of interest in effect under the terms of the Note at the time of the prepayment, unless otherwise prohibited by applicable law or regulation. No prepayment fee will be assessed for any prepayment occurring after the Penalty Period.

Notwithstanding the foregoing, in the event of a full prepayment concurrent with a bona fide sale of the Property to an unrelated third party after the first thirty-six month(s) of the term of the Note, no prepayment penalty will be assessed. In that event, Borrower agrees to provide the Note Holder with evidence acceptable to the Note Holder of such sale.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Prepayment Rider.

_Timothy S. Hayes_ (Seal)          _Kathy E Hayes_ (Seal)
TIMOTHY S HAYES        -Borrower   KATHY E HAYES FKA KATHY E   -Borrower
                                   MEYER  _Kathy E Meyer_

_____ (Seal)          _____ (Seal)
                    -Borrower                          -Borrower

                                   Initials: _____

                                   LN:849575

Z603BR2.uff    9/06    Page 1 of 1        _KEH_
                                          _TSH_